# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Nan R. Nolan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4085 | **DATE** | 7/28/2003 |
| **CASE TITLE** | Elster vs. Barnhart | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
 ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, Elster's application for attorney's fees pursuant to the EAJA [19-1] is granted in the amount of $8,108.31.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | JUL 28 2003 date docketed | 13 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 7/28/2003 date mailed notice | |
| cav | courtroom deputy's initials | Date/time received in central Clerk's Office | cav6 mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RICHARD ELSTER, | ) |
| Plaintiff, | ) ) ) ) |
| vs. | )  Case No. 01 C 4085 |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER[1]

NAN R. NOLAN, Magistrate Judge:

This matter is before the Court on plaintiff Richard Elster's application for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d). On January 9, 2003, the Court reversed and remanded for further consideration Elster's applications for Disabled Adult Child's Insurance Benefits ("DCIB") and Supplemental Security Income ("SSI"). Elster claims that he is entitled to fees because the Commissioner's position in defending the decision of the Administrative Law Judge ("ALJ") was not "substantially justified." For the reasons set forth below, Elster's application for attorney's fees is granted in the amount of $8,108.31.



---

[1] The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. §636(c).

# BACKGROUND[2]

Elster applied for DCIB and SSI benefits in March 1997, alleging that he had been disabled since 1981 due to a learning disability. The Social Security Administration ("SSA") denied his application initially and on reconsideration. Following a hearing on September 9, 1998, the ALJ denied Elster's claim for benefits, finding that he was not disabled.

The SSA Appeals Council denied Elster's request for review, so Elster sought review of the Commissioner's decision before this Court under 42 U.S.C. §405(g). Elster argued that the ALJ wrongly concluded that he did not meet the criteria for "mental retardation" in Listing 12.05(C). He also claimed that the ALJ erred by using the grid – a chart which classifies a claimant as disabled or not disabled based on the claimant's physical capacity, age, education, and work experience – without obtaining testimony from a vocational expert. The Court found that the ALJ did not err in relying on the grid but did err in concluding that Elster did not have an "additional impairment" as required under Listing 12.05(C). The Court ultimately remanded the matter to the ALJ for further development of the record on a third issue – whether Elster evidenced "significantly subaverage general intellectual functioning" (*i.e.*, "mental retardation") for purposes of Listing 12.05(C) – which the ALJ did not address.

On March 31, 2003, Elster filed a timely application for fees in the amount of $7,633.12. *See Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). The Commissioner challenges Elster's entitlement to fees and, alternatively, the reasonableness of the requested amount. On May 6,

---

[2] This order presumes familiarity with the Court's previous opinion, *Elster v. Barnhart*, No. 01 C 4085, 2003 WL 124432 (N.D. Ill. Jan. 13, 2003).

2003, Elster amended his fee request to include time spent responding to the Commissioner's challenge, and now seeks $8,108.31.

## DISCUSSION

Under the EAJA, a court may award attorney's fees to a prevailing party in a civil suit against the government if the government's position was not "substantially justified." 28 U.S.C. §2412(d)(1)(A). It is undisputed that Elster has prevailing party status. Def. Mem., pp. 1, 4; *Shalala*, 509 U.S. at 300. Thus, the only issue is whether the government's position was substantially justified; that is, whether it was "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The Seventh Circuit has held that "substantial justification" is demonstrated when the government's position is grounded in "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *United States v. Hallmark Construction Co.*, 200 F.3d 1076, 1078 (7th Cir. 2000) (citations and quotations omitted). In making a substantial justification determination, a court should consider both the government's litigation and pre-litigation conduct. *Jackson v. Chater*, 94 F.3d 274, 278 (7th Cir. 1996). Merely prevailing in a lawsuit against the government does not automatically entitle a party to fees under the EAJA. However, the government bears the burden of establishing that its position was substantially justified. *Id.*; *Hallmark*, 200 F.3d at 1079.

### A. Elster's Entitlement to Attorney's Fees

In this case, the Court found that the ALJ's decision to deny benefits to Elster was not supported by substantial evidence because (1) Elster did have an "additional impairment" for purposes of Listing 12.05(C), and (2) the ALJ made no determination as to whether Elster

3

evidenced "mental retardation" under that provision. The Court now concludes that the Commissioner was not substantially justified in her position that the record contained adequate evidence to support the ALJ's findings.

In concluding that Elster was not mentally retarded, the ALJ found that Elster did not have an additional impairment that imposed significant work-related limitation of function. At the same time, the ALJ found that Elster had the following "severe" impairments: borderline range of intelligence, learning disability, history of moderately low functioning range in adaptive behavior, and history of asthma. Under the regulations, a severe impairment meets the "additional impairment" requirement of Listing 12.05(C) and, thus, the ALJ's decision was internally inconsistent. As a result, the Commissioner did not have "a rational ground for thinking it had a rational ground for its action" on this issue. *Kolman v. Shalala*, 39 F.3d 173, 177 (7th Cir. 1994).

As for the decision to remand the case, it was based on a lack of any finding as to whether Elster evidenced "significantly subaverage general intellectual functioning." Effective September 20, 2000, the regulations for evaluating mental impairments were revised to state that a claimant must affirmatively show that he is mentally retarded before proceeding to the other stated requirements of Listing 12.05(C). The Commissioner took the position that the new regulations applied retroactively to Elster's case because they did not constitute a change in the law but, rather, simply clarified an unsettled or confusing area of the law. *See Pope v. Shalala*, 998 F.2d 473, 483 (7th Cir. 1993) (reversed on other grounds). The Court agreed and, finding no assessment in the record of Elster's general intellectual functioning, remanded the case for further proceedings on that issue.

Contrary to the Commissioner's assertion, the ALJ did not simply fail to adequately articulate his rationale for determining that Elster did not have an impairment that satisfied Listing 12.05(C). Rather, the ALJ erred in his assessment of one criterion under that provision and failed to make any finding whatsoever regarding a second criterion. Thus, the Court does not believe that the Commissioner met her burden of establishing that her position in supporting the ALJ's conclusion was substantially justified. *See Corder v. Massanari*, No. 00 C 2714, 2001 WL 1355986, at *2 (N.D. Ill. Nov. 1, 2001) ("if an ALJ's decision lacks an adequate factual basis . . . then the Commissioner's position in relying upon it cannot be substantially justified"); *Scott v. Barnhart*, No. 99 C 4651, 2003 WL 1524624, at *4 (N.D. Ill. Mar. 21, 2003) (it is a "well-established legal principle that if an ALJ's decision . . . does not allow a court to determine that it has an adequate factual basis . . . then the Commissioner's position in relying upon it cannot be substantially justified").

## B.   Amount of Fees and Costs

Having determined that Elster is entitled to his attorney's fees, the Court next considers whether the amount requested is reasonable. Elster seeks $8,108.31 in fees and expenses, representing 55 hours of work at approximately $147.50 per hour. This amount includes a proper request for fees incurred in pursuing this fee request. *See Commissioner, INS v. Jean*, 496 U.S. 154, 162 (1990). The Commissioner does not object to the stated hourly rate. Rather, the Commissioner claims that the number of hours spent on this case "exceeds the number of hours numerous courts throughout the country have concluded are reasonable." Def. Mem., p. 4. Specifically, the Commissioner challenges Elster's request for eight hours his attorney spent on

5

telephone calls and 25 hours she devoted to drafting the memorandum regarding summary judgment. *Id.* p. 5.

The Court has reviewed the itemized fee request and finds that it is "reasonable and consistent with this type of social security case." *See, e.g., Rice v. Apfel*, 16 F. Supp. 2d 971, 975 (N.D. Ill. 1998) ($8,250.68 in fees reasonable for 62.84 hours of work); *Willis v. Barnhart*, No. 99 C 3437, 2002 WL 31779907, at *3 (N.D. Ill. Dec. 11, 2002) ($8,002.68 in fees reasonable for 56.25 hours of work); *Stringer v. Apfel*, No. 97 C 1223, 1998 WL 774138, at *3 (N.D. Ill. Oct. 29, 1998) ($7,848.18 in fees reasonable for 48.51 hours of work). Thus, Elster is entitled to $8,108.31 in attorney's fees.

## CONCLUSION

For the reasons stated above, Elster's application for attorney's fees pursuant to the EAJA is granted in the amount of $8,108.31.

NAN R. NOLAN
United States Magistrate Judge

Dated: July 28, 2003